## CIRCUIT COURT OF THE CITY OF RICHMOND

General Electric
Capital Auto Lease, Inc.

v.

Alvin C. Turner, Jr.

December 31, 1996

BY JUDGE RANDALL G. JOHNSON

This is a garnishment proceeding which is before the court on the judgment debtor's claim of exemption. The judgment debtor is Alvin C. Turner, Jr. The exemption claimed is $766 per month, which is the amount of child support Turner is obligated to pay pursuant to an order of this court entered March 11, 1993, but which is not subject to payroll deduction. General Electric Capital Auto Lease, Inc., the judgment creditor, contests the exemption, arguing that it is not a recognized exemption from garnishment under Virginia law. The court agrees with the judgment creditor.

The specific exemption claimed by Turner on the garnishment form is the exemption created by Va. Code § 55-165. As the judgment creditor correctly points out, however, that section only applies to assignments of wages executed and approved by a judge under the procedure specifically set out in Va. Code §§ 55-161 to 55-167. That procedure includes notice to and consent of the debtor's creditors, the appointment of a trustee, notice to the debtor's debtors, and so on. None of those things were done here. The exemption of § 55-165 simply does not apply.

The court has also considered all of the other exemptions from garnishment listed in Va. Code § 8.01-512.4. None of those exemptions apply, either.

Finally, the court has considered the definition of "disposable earnings" set out in Va. Code § 8.01-512.3.

> *"Disposable earnings"* means the money an employee makes after taxes and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses

or otherwise, whether paid directly to the employee or not. After those earnings are in the bank for 30 days, they are not considered earnings any more.

While the $766 per month claimed by Turner to be exempt is required by this court to be *paid*, it is not required by law to be *withheld*. There is nothing the court can do.[1]

For the above reasons, Turner's claim of exemption is denied.

---

[1] The court expresses no opinion on whether a payroll deduction for child support, which Turner can arrange to have done voluntarily (*see* Va. Code § 20-60.5), would decrease his disposable earnings; that is, whether such a deduction would be "required by law to be withheld," thereby decreasing the amount of money subject to garnishment.